UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTES WALKER #932129,

    Plaintiff,                                        Hon. Paul L. Maloney

v.                                                 Case No. 1:22-cv-848

P.C. SIMON, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on Defendants' Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 28.) Plaintiff has failed to respond to Defendants' motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **granted,** and that Plaintiff's complaint be **dismissed without prejudice**.

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF), filed a complaint against several MDOC employees on April 4, 2022, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred while Plaintiff was incarcerated at ICF. Pursuant to the "mailbox rule" applicable to incarcerated individuals when they file claims brought under Section 1983, *see Aldridge v. Gill*, 24 F. App'x 428, 429 (6th Cir. 2001) (citing *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir.

---

[1] By order entered on September 13, 2022 in Case No. 1:22-cv-323 (ECF No. 31), Plaintiff's claims were severed from those of his co-Plaintiff and opened in this separate proceeding. All of the pleadings and filings in Case No. 1:22-cv-323, including Defendants' pending motion for summary judgment, transferred to this case.

1

1995)), Plaintiff's complaint was deemed filed even earlier, on March 30, 2022—the postmark date on the envelope containing the complaint. (ECF No. 1 at PageID.9.) Following initial review by the Court pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c), Plaintiff's remaining claims are his: (1) Eighth Amendment claims against Defendants Simon, Cook, Bledsoe, Morgan, Scott, Floyd, and Ybarra for denial of out-of-cell recreation; and (2) First Amendment retaliation claims against Defendants Bledsoe, Morgan, and Ybarra based upon denial of recreation in response to his grievances. (ECF No. 12 at PageID.68.)

Defendants move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which Defendants bear the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]."

2

*Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of their motion, Defendants attach a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant time period at ICF. (ECF No. 29-4.) Defendants note that the Step III report shows that Plaintiff pursued two grievances arising out of ICF through Step III. The Step III appeals were received on April 22 and 25, 2022, and the responses were mailed to Plaintiff on May 3 and 25, 2022. (*Id.* at PageID.149.)

Defendants have demonstrated that Plaintiff failed to properly exhaust his claims before filing his complaint. Proper exhaustion requires that the prisoner complete the administrative process before filing his complaint. *See Freeman*, 196 F.3d at 645 (stating that "we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed"); *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *2 (6th Cir. Dec.17, 1998) (holding that the prisoner's "attempt to exhaust his available administrative remedies only after filing suit in federal court ignore[d] the clear mandate of § 1997e(a)"). As noted above, Plaintiff filed his complaint on March 30, 2022 (or at the latest on April 4, 2022), before he had received Step III responses from the MDOC for the two grievances reflected in his Step III report and before the time allowed under the MDOC grievance policy for review of Step III appeals had expired. Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ II. Therefore, Plaintiff's claims are not fully exhausted and are subject to dismissal without prejudice.[2]

---

[2] One of the two grievances Plaintiff filed while at ICF was rejected at some point in the process, providing another potential ground to conclude that Plaintiff failed to comply with the grievance process.

## CONCLUSION

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 28) be **granted**, that Plaintiff's claims against Defendants be **dismissed without prejudice**, and that this matter be closed.

Dated: October 18, 2022                                                          /s/ Sally J. Berens
                                                                                          SALLY J. BERENS
                                                                                          U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).